Carlos Antonio VASQUEZ, Sandra Elizabeth Marquez–Campos, Petitioners,

v.

Eric H. HOLDER, Jr.* United States Attorney General, Respondent.

No. 08–1440–ag.

United States Court of Appeals, Second Circuit.

Aug. 25, 2009.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is substituted automatically for former Attorney General Michael B. Mukasey as the respondent in this case.

Bruno Joseph Bembi, Hempstead, NY, for Petitioners.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Jennifer Paisner Williams, Senior Litigation Counsel, Carmela A. Morgan, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Carlos Antonio Vasquez and Sandra Elizabeth Marquez–Campos, natives and citizens of El Salvador, seek review of two February 29, 2008 orders of the BIA affirming the May 4, 2006 decision of Immigration Judge ("IJ") Jeffrey S. Chase denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Carlos Antonio Vasquez/Sandra Elizabeth Marquez–Campos,* Nos. A98 297 920/921 (B.I.A. Feb. 29, 2008), *aff'g* Nos. A98 297 920/921 (Immig. Ct. N.Y. City May 4, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

## I. Asylum and Withholding of Removal

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination, *see Shunfu Li v. Mukasey,* 529 F.3d 141, 146 (2d Cir.2008). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C.

§ 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Passi v. Mukasey,* 535 F.3d 98, 101 (2d Cir.2008).

## A. Particular Social Group

■ We conclude that the IJ properly found that Vasquez failed to establish that he was persecuted, and fears persecution, on account of a protected ground.[1] *See* 8 U.S.C. § 1101(a)(42). Vasquez argues that the IJ erred in making this finding because he is a member of the particular social group of "individuals who have been actively recruited by gangs, but who have refused to join because they oppose the gangs." However, he fails to establish that this is a "particular social group" sufficient to render him eligible for asylum. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i).

In *the Matter of A–M–E & J–G–U–,* the BIA held that in order to constitute a particular social group, a proposed group must: (1) exhibit a shared characteristic that is socially visible to others in the community; and (2) be defined with sufficient particularity. 24 I. & N. Dec. 69, 74–76 (BIA 2007). We agreed with that holding in *Ucelo–Gomez v. Mukasey,* 509 F.3d 70, 73 (2d Cir.2007). Applying that framework in *Matter of S–E–G–,* 24 I. & N. Dec. 579 (BIA 2008), the BIA considered the cases of applicants from El Salvador who, like Vasquez, claimed eligibility for asylum based on their membership in the particular social group of Salvadoran youths who have resisted recruitment by the Mara Salvatruchas ("Maras" or "MS 13"). The BIA concluded that the proposed group did not satisfy the "particularity" and "so-

---

1. In our decision, we refer solely to Vasquez because he was the principal asylum appli-

cant below.

cial visibility" test set forth in *Matter of A–M–E & J–G–U*, in part because "victims of gang violence come from all segments of society, and it is difficult to conclude that any 'group,' as actually perceived by the criminal gangs, is much narrower than the general population of El Salvador." *Id.* at 586–88; *see also Matter of E–A–G–*, 24 I. & N. Dec. 591, 594 (BIA 2008) (finding that the proposed group of "persons resistant to gang membership" in Honduras lacked the social visibility that would allow others to identify its members as part of the group).

We accord the BIA's precedential decisions *Chevron* deference, disturbing them only if "plainly erroneous or inconsistent with the regulation." *See Yuen Jin v. Mukasey*, 538 F.3d 143, 150 (2d Cir.2008). Here, for many of the same reasons as in *Ucelo–Gomez*, we defer to the agency's interpretation of the statute as announced in *Matter of S–E–G–* and *Matter of E–A–G–*. Because those decisions are virtually indistinguishable from the instant case, we conclude that Vasquez's social group claim must fail.

### B. Political Opinion

■ We also conclude that the IJ did not err in finding that Vasquez failed to establish that the Maras targeted him on account of his political opinion. Specifically, Vasquez argues that his opposition to the gang lifestyle was itself a political opinion. This argument is unavailing. In *Matter of S–E–G–*, the BIA, relying on *INS v. Elias–Zacarias*, 502 U.S. 478, 482–83, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), rejected the appeal of asylum applicants claiming that resistance to gang recruitment constitutes political opinion because they did not present evidence, whether direct or circumstantial, that the gang imputed or would impute an anti-gang political opinion to them. 24 I. & N. Dec. at 589. Again, we find that the BIA's decision in *Matter of S–E–G–* merits *Chevron*

deference and thus precludes success on Vasquez's political opinion claim. Like the applicants in *Matter of S–E–G–*, Vasquez presented no evidence of the Maras' motives.

## II. CAT Relief

■ We decline to consider Vasquez's CAT claim, as he failed to exhaust that claim in his appeal to the BIA. Under 8 U.S.C. § 1252(d)(1), we "may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right." This jurisdictional rule is absolute, and requires an individual to raise before the BIA each category of relief subsequently raised in this Court. *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir.2006). Accordingly, we are without jurisdiction to consider Vasquez's CAT claim and dismiss the petition for review to that extent. *See* 8 U.S.C. § 1252(d)(1).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. Any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).